# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... I

TABLE OF AUTHORITIES .................................................................................. II

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ...................................................................................... 3

    A.       Abuse After Protected Activity and Appeals ................................... 3

    B.       The Bankruptcy Court's Restricting Order ...................................... 3

STATEMENT OF THE ISSUES PRESENTED ..................................................... 5

STATEMENT OF RELIEF SOUGHT .................................................................... 5

PETITIONER SEEKS A WRIT OF MANDAMUS VACATING THE RESTRICTING ORDER. ...................................................................................... 5

STATEMENT OF WHY THE WRIT SHOULD ISSUE ........................................ 6

I.      MANDAMUS IS THE PROPER METHOD TO REVIEW AN ORDER RESTRICTING DOCKET ACESS ............................................................. 7

II.     THE RESTRICTING ORDER VIOLATES THE FIRST AMENDMENT ..... 8

    A.       The Restricting Order is Subject to First Amendment Scrutiny. ................. 8

    B.       The District Court Entered the Restricting Order Without Any Factual Findings or Support. ........................................................................ 9

    C.       Less Restrictive Alternatives Were Not Considered. ............................... 11

    D.       The Restricting Order Irreparably Harms First Amendment Freedoms. ................................................................................................... 12

III.    THE RESTRICTING ORDER IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD. ............................................................................. 13

CONCLUSION ...................................................................................... 13

STATEMENT REGARDING ORAL ARGUMENT ............................................. 14

CERTIFICATE OF COMPLIANCE ..................................................................... 15

CERTIFICATE OF SERVICE .............................................................................. 16

# TABLE OF AUTHORITIES

**Supreme Court Opinions**

                                                                                          **Page(s)**

*Capital Cities Media, Inc. v. Toole*,
    463 U.S. 1303 (1983) ................................................................. 7

*Elrod v. Burns*,
    427 U.S. 347 (1976) ............................................................. 7,12

*Neb. Press Ass'n v. Stuart*,
    427 U.S. 539 (1976) ............................................................. 9,12

*Tory v. Cochran*,
    544 U.S. 734 (2005) ................................................................. 13

*Gentile v. State Bar of Nev.*,
    501 U.S. 1030 (1991) ............................................................... 13

*New York Times Co. v. United States*,
    403 U.S. 713 (1971) ................................................................. 1

**Fourth Circuit Opinions**

*Co. Doe v. Public Citizen*,
    749 F.3d 246 (4th Cir. 2014) ...................................................... 6

*First Fed. Sav. & Loan Ass'n v. Baker*,
    860 F.2d 135 (4th Cir. 1988) ...................................................... 7

*In re Charlotte Observer*,
    882 F.2d 850 (4th Cir. 1989) ............................................ 7,8,9,10

*United States v. Appelbaum*,
    707 F.3d 283 (4th Cir. 2013) ...................................................... 9

*In re Morrissey*,
    168 F.3d 134 (4th Cir. 1999) ...................................................... 9

*In re Murphy-Brown, L.L.C.*,
    907 F.3d 788 (4th Cir. 2018) ...................................................... 7

*In re State-Record Co.*,
    917 F.2d 124 (4th Cir. 1990) .................................................... 8,11

*In re Wall St. Journal*,
    601 F. App'x 215 (4th Cir. 2015) .................................................. 7

*In re Wash. Post Co.*,
    807 F.2d 383 (4th Cir. 1986) ................................................ 7,8,10

*Johnson v. Bergland*,
    586 F.2d 993 (4th Cir. 1978) ..................................................... 12

# **PRELIMINARY STATEMENT**

> The dominant purpose of the First Amendment was to: prohibit the widespread practice of governmental suppression of embarrassing information. It is common knowledge that the First Amendment was adopted against the widespread use of the common law of seditious libel to punish the dissemination of material that is embarrassing to the powers-that-be.

*New York Times Co. v. United States*, 403 U.S. 713 (1971). Further:

> Secrecy in government is fundamentally anti-democratic, perpetuating bureaucratic errors. Open debate and discussion of public issues are vital to our national health. On public questions, there should be "uninhibited, robust, and wide-open" debate. *New York Times Co. v. Sullivan,* 376 U. S. 254, 376 U. S. 269-270.

*Id.* at 724.

Petitioner Robert Sharpe challenges another unconstitutional order restricting speech; specifically, docket entries in the Bankruptcy Court for the Eastern District of North Carolina. *See* 22-2917-5-DMW, Dkt. 404, Order Restricting Access to Papers, (the "Restricting Order").

The Bankruptcy Court entered the Restricting Order without a sufficient basis to conclude such a sweeping restraint is necessary, and without evaluating whether less restrictive measures would be sufficient. Because the order plainly violates the First Amendment and

the Due Process Clause of the Fifth Amendment, the Court should issue a writ of mandamus and vacate the order.

## *Victim Blaming*

DARVO[1] is a tactic used by perpetrators of wrongdoings to deflect responsibility and manipulate. The first stage of DARVO, denial, involves gaslighting.[2] In essence, the perpetrator denies their wrongdoing, attacks the victim's credibility, and ultimately attempts to portray themselves as the victim, thereby reversing the roles of victim and offender. Additionally, DARVO is a particular concern in legal contexts and institutional reporting systems, as perpetrators engaging in DARVO tactics frequently use these systems against their victims. When seeking help from the government, it is exceptionally harmful.[3]

> <u>Sharpe continues to assert unconvincingly that he is a victim</u> to retaliation, harassment, and abuse, but from the view of this bench, <u>he is the one engaging in these tactics</u>…<u>Sharpe should be sanctioned</u>

*See* [DE 339], p. 7. (emphasis by Appellant).

---

[1] *Harsey & Freyd, (2020). Deny, Attack, and Reverse Victim and Offender (DARVO): What Is the Influence on Perceived Perpetrator and Victim Credibility? Journal of Aggression, Maltreatment & Trauma, 897–916.*
[2] Harsey, Zurbriggen, & Freyd, (2017). DARVO and Victim Self-Blame. *Journal of Aggression, Maltreatment & Trauma*, 644–663.
[3] Brown L. S. (2021). Institutional Cowardice: A Powerful, Often Invisible Manifestation of Institutional Betrayal. (ISSD), 22(3), 241–248.

2

## STATEMENT OF FACTS

### A. Abuse *After* Protected Activity and Appeals

After engaging in protected activity, Petitioner has faced burdensome litigation for over three years. Since initially seeking assistance from this Court, efforts to silence and retaliate have increased. The Restricting Order is particularly concerning given the Bankruptcy Court's efforts to sanction Sharpe for matters currently on appeal before this Court. *See* 22-2917-5-DMW, [DE 339].

Additionally, [DE 339] has been appealed and Bankruptcy Administrator Behr (BA Behr) is attempting to stop appeals and accountability – conspiring with trustees and the Bankruptcy Court to deny Sharpe statutory and constitutional rights. *See* 25-cv-251, *In re Port City Contracting Services, Inc.*; 42 U.S.C. § 1985, 18 U.S.C. § 241.

### B. The Bankruptcy Court's Restricting Order

After a misconduct report was filed by Petitioner, the complaint was received by the Bankruptcy Court. In response, the Restricting Order was entered "*sua sponte*"; and more than six weeks after the Bankruptcy Court first restricted access and received notice objections from Sharpe. *See* Ex. A.

Stated in the Restricting Order:

> This matter comes before the court *sua sponte*... [court clerks] have been directed and are directed to restrict from public access certain court filings made by [Petitioner], finding that those filings are defamatory and not grounded in fact or law. The court made these oral rulings prior to the entry of this Order, and those directives have been followed by the Clerk and the Deputy Clerks.

*See* [DE 406], p.1.

Instead of taking responsibility for improper First Amendment violations, the Bankruptcy Court misrepresents Petitioners filings and attempts to reverse blame (DARVO):

> The Documents are not grounded in fact or law and are laden with inaccurate, false, inflammatory, defamatory, unsubstantiated, and fictitious information. Such statements in the Documents could expose Mr. Sharpe to sanctions and possible liability if those Documents are not protected under 11 U.S.C. § 107(b)(2) and Rule 9018(2) of the Federal Rules of Bankruptcy Procedure. In other words, Mr. Sharpe and this court need to be protected from Mr. Sharpe's unfounded and ungrounded allegations and assertions in the Documents.

*Id.*, p.3.

The goal of retaliation is *silencing* the reporting witness – an abusive tactic well known to Congress. According to the Congressional Office of Whistleblower Ombuds:

> retaliators have found methods to bypass workplace rights. They may threaten criminal prosecution for "theft" of workplace documents, or file SLAPP suits – defamation or breach of contract lawsuits for significant damages.

*See* Ex. B.

## **STATEMENT OF THE ISSUES PRESENTED**

A.   Whether the Restricting Order violates Petitioner's First Amendment right of access to civil proceedings?

B.   Whether the Restricting Order violates the Due Process Clause of the Fifth Amendment because it is unduly vague and open-ended.

C.   Whether the Restricting Order, after protected disclosures to BA Behr, trustees, and the Bankruptcy Court, violates the uniformity requirement of the Bankruptcy Clause of the U.S. Constitution.

## **STATEMENT OF RELIEF SOUGHT**

Petitioner seeks a writ of mandamus vacating the Restricting Order.

5

## STATEMENT OF WHY THE WRIT SHOULD ISSUE

"People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers, supra*, 448 U.S., at 572, 100 S.Ct., at 2824.

Public interest considerations must heavily favor free speech and public access to court dockets. As stated by this Court:

> Access to docket sheets therefore enhances the appearance of fairness and enlightens the public both to the procedures the district court utilized to adjudicate the claims before it and to the materials it relied upon in reaching its determinations. In this respect, "docket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment." *Hartford Courant Co.*, 380 F.3d at 93.

*Co. Doe v. Public Citizen,* 749 F.3d 246, 268 (4th Cir. 2014).

> We have cautioned district courts that the right of public access, whether arising under the First Amendment or the common law, "may be abrogated only in unusual circumstances." Stone, 855 F.2d at 182. As explained above, public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary.

*Id*. at 266.

Mandamus should be granted when (1) "the petitioner has shown a clear right to the relief sought"; (2) the respondent has "a clear duty" to perform the act requested; and (3) "no other adequate remedy is available." *First Fed. Sav. & Loan Ass'n v. Baker* (*In re First Fed. Sav. & Loan Ass'n*), 860 F.2d 135, 138 (4th Cir. 1988).

Petitioner satisfies all elements. The bankruptcy court has a clear duty to respect constitutional rights, and the Restricting Order is facially defective. Sharpe lacks an adequate remedy because the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); *see also Capital Cities Media, Inc. v. Toole*, 463 U.S. 1303, 1304 (1983) (Brennan, J., in chambers).

## I. MANDAMUS IS THE PROPER METHOD TO REVIEW AN ORDER RESTRICTING DOCKET ACESS

Fourth Circuit precedent makes clear that mandamus is the "preferred method of review" of orders restricting First Amendment rights in the context of ongoing trial proceedings. *In re Murphy-Brown, L.L.C.*, 907 F.3d 788, 796 (4th Cir. 2018). *In re Wall St. Journal*, 601 F. App'x 215, 218 (4th Cir. 2015); *In re Charlotte Observer*, 882 F.2d 850, 852 (4th Cir. 1989); *In re Wash. Post Co.*, 807 F.2d 383, 388 (4th Cir.

1986). This Court treats an "appeal as a petition for mandamus" when reviewing a sealed access order challenged on First Amendment grounds. *United States v. Appelbaum,* 707 F.3d 283, 289 (4th Cir. 2013).

## II. THE RESTRICTING ORDER VIOLATES THE FIRST AMENDMENT

### A. The Restricting Order is Subject to First Amendment Scrutiny.

This court has recognized that mandamus plays an important and necessary role in protecting First Amendment freedoms. *See In re Wash. Post Co.*, 807 F.2d 383, 388 (4th Cir. 1986); *In re State-Record Co.*, 917 F.2d 124, 126-27 (4th Cir. 1990) (per curiam) (expressing preference for mandamus); and when such orders are challenged via both direct appeal and mandamus, "we have elected to provide mandamus relief." *In re Charlotte Observer*, 882 F.2d 850, 852 (4th Cir. 1989).

The Bankruptcy Court's actions harm public interest and prevents Petitioner from speaking truthfully and freely about issues before the courts. In this present matter, Petitioner is unable to have certain subject matters added to the public docket. Accordingly, the Restricting Order is an impermissible prior restraint on free speech.

Prior restraints "are the most serious and the least tolerable infringement on First Amendment rights" and constitute "one of the most extraordinary remedies known to our jurisprudence." *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559, 562 (1976). The judicial disfavor of prior restraints derives from "a theory deeply etched in our law: a free society prefers to punish the few who abuse rights of speech after they break the law than to throttle them and all others beforehand." *Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 559 (1975) (emphasis added). Even when imposed by courts, "the barriers to prior restraint remain high and the presumption against its use continues intact." *Neb. Press Ass'n*, 427 U.S. at 570.

Even when strict scrutiny is met, any Restricting Order must be "no greater than necessary." *In re Morrissey*, 168 F.3d 134, 140 (4th Cir. 1999). Trial courts considering an order restricting speech must therefore carefully consider the needs and circumstances of a specific case and the character of the media coverage that might prejudice the jury pool. *See In re Charlotte Observer*, 882 F.2d at 854-56.

### B. The District Court Entered the Restricting Order Without Any Factual Findings or Support.

At the threshold, the Restricting Order must be vacated because it is facially invalid; the bankruptcy court failed to make the necessary findings to warrant such a drastic order.

Whenever a trial court restrains First Amendment rights in a judicial proceeding, it must make specific findings to support the infringement and to explain why less restrictive measures would not suffice. *Cf. In re Charlotte Observer*, 882 F.2d at 853 (holding that, before closing proceedings, trial courts must "support any decision to close with reasons and findings of record, including why no less drastic alternatives to closure are feasible" and should "support any decision to close with reasons and findings of record, including why no less drastic alternatives to closure are feasible"); *In re Wash. Post Co.*, 807 F.2d at 391 (emphasizing the need for a record "specific enough to enable the reviewing court to determine whether closure was proper").

The lack of a detailed explanation not only prevents Petitioner from understanding what information led to the Restricting Order – but also thwarts appellate review. *See In re State-Record Co.*, 917 F.2d 124, 129 (4th Cir. 1990) ("[W]e have required specific reasons and findings on the record, because without such findings, de novo review is

difficult."). Critically, the bankruptcy court failed to identify the specific basis for the Restricting Order or what compelling interest would be harmed.

Moreover, the court may not base its decision on conclusory assertions alone; and: "must state its reasons on the record, supported by specific findings." *In In re Knight Publishing Co.*, 743 F.2d 231,234 (4th Cir.1984). Further, the findings must be specific enough to enable the reviewing court to determine whether closure was proper. In addition, the court must state its reasons for rejecting alternatives to closure. *Id.* at 235.

The Supreme Court has added the weight of its authority to some of these requirements and held that a district court's closure order must be supported by a clear statement of reasons, with specific findings, including a discussion of possible alternatives considered and rejected by the court. *Press-Enterprise I,* 464 U.S. 501, 510-11, 104 S.Ct. 819, 824-25, 78 L.Ed.2d 629 (1984).

### C. Less Restrictive Alternatives Were Not Considered.

A trial court must also consider less restrictive alternatives before subordinating the First Amendment rights of persons involved in

judicial proceedings. *See Neb. Press Ass'n*, 427 U.S. at 565 (rejecting prior restraint where "the record is lacking in evidence to support" the conclusion that alternative "measures might not be adequate"). The bankruptcy court failed to address or consider any such alternatives.

> **D. The Restricting Order Irreparably Harms First Amendment Freedoms.**

The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion). Thus, "[v]iolations of first amendment rights constitute per se irreparable injury." *Johnson v. Bergland*, 586 F.2d 993, 995 (4th Cir. 1978). In this present matter, the Bankruptcy Court did not acknowledge the sealed docket entries for over six weeks, despite repeated objections.

The Restricting Order was entered "sua sponte" in response to misconduct report filed with this Court and received by the Bankruptcy Court. Additionally, the Restricting Order contains conclusory statements as findings of law, which has prevented the Petitioner from proving the truth of statements labeled "defamatory."

## III. THE RESTRICTING ORDER IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD.

Separate from its First Amendment defects, the Restricting Order should also be vacated because it is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Due process requires fair notice of what the law prohibits. The use of vague terms in a court order violates this requirement when one must "guess at its contours." *Gentile v. State Bar of Nev.*, 501 U.S. 1030 (1991).

The Restricting Order forbids "public access [from] certain court filings" made by Sharpe; Petitioner has no idea what "certain" means. The scope of the Restricting Order is *unclear* and without *any* stated reason. Is Petitioner not allowed to discuss concerns about bias and misconduct? *See Tory v. Cochran*, 544 U.S. 734, 738 (2005) (recognizing that an injunction without a sustained "plausible justification" and "amounts to an overly broad prior restraint upon speech").

## CONCLUSION

Without any compelling interest, the Bankruptcy Court's ongoing attack on First Amendment rights is unprecedented and must not stand. The Court should issue a writ of mandamus declaring the Restricting Order unconstitutional.

13

## STATEMENT REGARDING ORAL ARGUMENT

Because the order at issue is facially invalid and overbroad, lacking any factual record to support the extreme measure, the Court should issue a summary order granting mandamus and vacating the Restricting Order. If the Court is not inclined to issue a summary determination, Petitioner submits that the unprecedented nature of the Gag Order warrants oral argument to consider the significant constitutional issues presented.

Respectfully submitted this 30th day of April 2025,

/s/ Robert Sharpe

Robert Paul Sharpe
245 Royal Fern Rd
Wilmington NC 28412
wilmingtondiver@gmail.com

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that:

1. This petition complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because the portion of the petition subject to that rule is 2,490 words and therefore does not exceed the 7,800-word limit.

2. This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in 14-point Century Schoolbook typeface using Microsoft Word.

Respectfully submitted this 30th day of April 2025,

/s/ Robert Paul Sharpe

Robert Sharpe
245 Royal Fern Road
Wilmington, NC 28412
(910) 540-8157
wilmingtondiver@gmail.com

# CERTIFICATE OF SERVICE

I certify that on April 30th, 2025, I caused true and correct copies of the Petition for a Writ of Mandamus to be served upon the Bankruptcy Court by USPS Priority with signature.

To:

The Honorable David M. Warren
US Bankruptcy Court - EDNC
P.O. Box 791
Raleigh, NC 27602

Respectfully submitted this 30th day of April 2025,

/s/ Robert Sharpe

Robert Paul Sharpe
245 Royal Fern Rd
Wilmington NC 28412
wilmingtondiver@gmail.com